IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ANTHONY RASHAD COOPER,** | ) | CASE NO. 1:24 CV 2133 |
| | ) | |
| **Plaintiff,** | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| **ADAM ROSENGARTEN,** *et al.*, | ) | AND ORDER |
| | ) | |
| **Defendants.** | ) | |

*Pro se* Plaintiff Anthony Rashad Cooper, an inmate in the Toledo Correctional Institution, filed this action against the Ohio Adult Parole Authority ("OAPA"), and OAPA employees Adam Rosengarten and David Miller. Plaintiff claims Rosengarten signed a medical document prior to Plaintiff's transport from the Lucas County Jail to the Lorain Correctional Institution ("LORCI"). Plaintiff contends that he should have been transported to a hospital for immediate surgery, but instead was transported to prison. He does not identify a legal claim in his Complaint. He asks the Court to modify his sentence so that he will not have to serve post release control and to expunge all of his felonies from his criminal record. He also asks this Court to terminate Rosengarten and Miller's employment with the OAPA.

I. **Background**

As further explained *infra*, the Court construes Plaintiff's Complaint and set forth the following background in the light most favorable to him. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998). Plaintiff appears to have been on supervised release when he was arrested on July 4, 2024. *See Cooper v. Lucas County Jail, et al.*, 3:25-cv-00083 (N.D. Ohio

filed Jan. 16, 2025). He alleges that the officers placed the handcuffs on him too tightly, causing nerve damage to his right hand. *Id*. He indicates he was taken to St. Vincent Hospital on July 5, 2024 where he was treated and released to the custody of the jail. He states that he was attacked in the shower by other inmates on July 11, 2024, and sustained a torn ligament and a fracture to his knee. *Id*. He was again transported to St. Vincent Hospital on July 12, 2024, where he was treated and released back to the jail. *Id.*

On August 15, 2024, one month after sustaining the injury to his knee, Plaintiff was transported from the Lucas County Jail to LORCI to begin serving his sentence for the post release control violation. Plaintiff claims that prior to being transported to prison, the OAPA had to sign a medical document. He does not provide any indication of what kind of document this may have been. He claims Rosengarten signed the document on behalf of Miller and the OAPA. He asserts that Lucas County Jail personnel told the OAPA in an email about his injuries, and informed them that Plaintiff should not travel more than 30 minutes from the Lucas County Jail, should go straight to a hospital for surgery, and was in no condition to do prison time for a post release control violation. He states that despite the knowledge of his injuries, he was transported to the Lorain Correctional Institution to begin to serve his sentence. Plaintiff does not clarify who transported him.

Plaintiff also includes allegations for incidents that occurred at LORCI after he was in custody of the Ohio Department of Rehabilitation and Correction. Those allegations are the subject of another case Plaintiff filed in this Court, *Cooper v. Lorain County Division of the O.D.R.C.*, 1:24-cv-02093 (N.D. Ohio filed Dec. 2, 2024). They do not pertain to any of the Defendants in this action.

## II. Legal Standard and Analysis

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

As an initial matter, Plaintiff cannot obtain release from state custody, modification of his sentence, or expungement of all of his convictions in a civil rights action. To obtain this relief, his

sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Furthermore, this Court cannot order the OAPA to fire employees.

Although Plaintiff does not specifically mention monetary damages in his Complaint, he indicates on his Civil Cover Sheet that he is requesting an award of $18,000,000.00. (Doc. No. 1-1, PageID #: 6). Most of Plaintiff's allegations are against the OAPA. He claims the Jail notified the OAPA of his injuries and expressed an opinion that he should not travel more than thirty minutes from the jail and required surgery rather than prison. He claims that the OAPA allowed him to be transported to LORCI to serve his prison term instead of taking him to a hospital. The OAPA is an agency of the State of Ohio. The Eleventh Amendment is an absolute bar to the imposition of liability upon state agencies. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005); *Bouquett v. Clemmer*, 626 F. Supp. 46, 48 (S.D. Ohio 1985). The claims against the OAPA are dismissed.

Furthermore, Plaintiff fails to state a claim against Rosengarten and Miller. He does not identify the legal claim he is asserting against them in his Complaint and he alleges very few facts that specifically pertain to these Defendants.

While the Complaint on its face does not allege a violation of the Eighth Amendment, to state such a claim, a plaintiff must plead facts which, if true, establish that an objectively serious deprivation has occurred, and the official subjectively knew of, and acted with deliberate indifference to, a plaintiff's health or safety. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Deliberate indifference "entails something more than mere negligence." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). This standard is met if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn

that a substantial risk of serious harm exists, and he must also draw the inference." *Flanory v. Bonn*, 604 F.3d 249, 253-55 (6th Cir. 2010)(citing *Farmer*, 511 U.S. at 837).

Plaintiff fails to allege sufficient facts to suggest that either Rosengarten or Miller knew of and disregarded an *excessive risk* to Plaintiff's health. Moreover, the Complaint fails to make allegations capable of meeting the subjective requirement. Plaintiff's only allegation against Rosengarten is that he signed a medical document prior to Plaintiff's transport from the Lucas County Jail to prison. His only allegation pertaining to Miller is that he did not sign the document. He does not elaborate on what kind of document was involved. He states only that it was medical in nature. Plaintiff does not allege the document apprised either Rosengarten or Miller of facts that could lead to the inference that a substantial risk of serious harm existed, or that either understood its contents and actually drew the inference that a substantial risk of serious harm existed. Further, there is no suggestion that either Rosengarten or Miller had any choice (or authority) as to which prison Plaintiff would be assigned. The Complaint does not allege that either Rosengarten or Miller personally took part in his transport to prison. Taken as a whole, the allegations are insufficient to suggest Rosengarten or Miller were deliberately indifferent to Plaintiff's serious medical needs.

Even if Rosengarten or Miller was personally involved in transporting Plaintiff to prison, there are no facts that reasonably suggest they were deliberately indifferent to his serious medical needs by taking him to prison rather than a hospital. He states that he sustained injuries to his hand on July 4, 2024, and was treated at St. Vincent Hospital and released back to the jail. *See Cooper v. Lucas County Jail, et al.*, 3:25-cv-00083 (N.D. Ohio filed Jan. 16, 2025).[1] He alleges he sustained the knee injury on July 11, 2024, and was treated at St. Vincent Hospital and released

---

[1] This case represents a third lawsuit filed by Plaintiff, *pro se*, which—although assigned to a different District Judge—appears to contain some overlapping factual allegations.

back to the jail. *Id.* One month later, he was transported to prison from the jail. *Id.* Although Plaintiff contends he was supposed to go straight to a hospital for surgery on both his hand and his knee instead of going to prison, there is no indication that Plaintiff sustained a medical emergency, that non-emergency surgery was recommended by a physician, or that a surgery actually was scheduled on either his hand or his knee. Rather, Plaintiff contends he was transported to prison and his medical care was placed in the hands of medical personnel at LORCI.  While Plaintiff may have preferred to be taken to a hospital for surgery rather than serve time in prison, the Eighth Amendment does not entitle prisoners to unfettered access to the medical treatment of their choice. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citing *Estelle v. Gamble*, 429 U.S. at 103-104).

### III.  Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT SO ORDERED.

/s *David A. Ruiz*
DAVID A. RUIZ
UNITED STATES DISTRICT JUDGE

Date: March 13, 2025